546 So.2d 318 (1989)
Russell GARY, Plaintiff-Appellant,
v.
MIAMI CORPORATION et al., Defendant-Appellee.
No. 88-347.
Court of Appeal of Louisiana, Third Circuit.
June 28, 1989.
McHale, Bufkin & Dees, Michael Dees, Lake Charles, for plaintiff-appellant.
*319 Cox, Cox & Townsley, Wm. N. Cox, Stockwell, Sievert, Wm. E. Shaddock, Alan McCall, Lake Charles, for defendant-appellee.
Before GUIDRY, FORET and DOUCET, JJ.
GUIDRY, Judge.
Plaintiff, Russell Gary, appeals from a summary judgment granted in favor of defendants, Miami Corporation (Miami), Dupont and Pettefer, a Louisiana Partnership, Charles T. Pettefer and Darrel Dupont, dismissing his suit for damages for breach of a contract of lease. We affirm.

FACTS
On August 5, 1985, Miami Corporation, the owner of vast marshlands in Cameron Parish, Louisiana, granted a fur trapping lease on a large portion of their holdings to Darrel Dupont and Charles T. Pettefer. Similar lease agreements were entered into by the aforementioned parties in previous years, including the years 1982 through 1984, and also for the years 1986 and 1987. By trapping sublease dated May 1, 1985, Pettefer and Dupont subleased a portion (8,950 acres) of this acreage to plaintiff, Gary. The trapping of alligators is not included in the lease rights granted in the Miami-Pettefer and Dupont leases, nor is it included in the trapping sublease to Gary.
Paragraph 2 of the trapping sublease between Gary and Pettefer and Dupont provides as follows:
"The term of this lease shall be for the legal trapping season 1985-1986. Upon the termination of this lease, Lessee agrees that he will promptly remove from the leased premises, and that he will not thereafter go upon, or engage in trapping upon, said lands. Lessee acknowledges that upon the termination of this lease all rights of Lessee with regard to said lands will cease and terminate, that there shall be no tacit reconduction of this lease under any circumstances, and that Lessee shall have no claim, either legal, equitable or moral, to obtain similar leasehold rights for any subsequent trapping season affecting the leased premises or any other lands held under lease by Lessor."
In August of 1985, Miami entered into an alligator trapping lease agreement with Gary. Similar agreements for the trapping of alligators were entered into with Gary in previous years, including the years 1982 through 1984. The terms and provisions of the trapping sublease between Dupont and Pettefer and Gary were made a part of the alligator trapping lease between Miami and Gary.
In 1982, Gary apparently contacted Dupont regarding deepening, cleaning and improving the canals located on the leased property. Dupont allegedly consented to this proposal. From 1982 to August of 1986, Gary hired and/or completed himself, extensive dredging and cleaning of canals at an approximate cost to him of $20,000.00.
In the winter of 1985-1986, Dupont and Pettefer became dissatisfied with Gary's performance under the lease and decided to terminate their trapping sublease with Gary at the end of its term. In August of 1986, Dupont and Pettefer wrote Gary a letter informing him that his 1986-1987 trapping sublease would not be renewed. The Miami Corporation alligator trapping lease was not renewed because Miami granted such leases only to individuals holding a fur trapping lease or sub-lease. Gary then brought this suit for damages alleging that defendants breached their lease agreements with him. Miami and Dupont and Pettefer filed motions for summary judgment urging the absence of a genuine issue of material fact and that they were entitled to judgment dismissing plaintiff's suit, as a matter of law. The trial court agreed and granted summary judgments in favor of defendants. Gary appeals.
On appeal, Gary urges trial court error in the following particulars:
1. The trial court erred as a matter of law in finding that fraud is the only exception to the parole evidence rule in light of the fact that this court has held that custom is also an exception to said rule.

*320 2. The trial court erred in failing to find that a genuine issue of fact existed as to the custom established by defendants in Cameron Parish that a trapper could keep his lease for as long as he wanted.
3. The trial court erred in failing to find that a material issue of fact exists as to plaintiff's right to recovery under the doctrine of quantum meruit.
Appellant urges that a lessor can be made to renew a lease, which terminates according to its own terms, if according to local custom, such leases have been renewed for as long as a lessee wants the lease. We disagree.
At the outset, we observe that a litigant relying upon local custom must plead and prove same. Dinkins v. Broussard, 196 So.2d 636, 639 (La.App. 1st Cir. 1967). Plaintiff did not plead custom. However, even assuming arguendo that plaintiff had pled and proved custom, defendants would be entitled to summary judgment as a matter of law since custom can only supply incidents to a lease or contract where the lease or contract is either silent or ambiguous on the point to which a party seeks to apply custom. Otto v. Cities Service Co., 415 F.Supp. 837, 843 (W.D.La.1976); Louisiana Sav. Ass'n v. Trahan, 415 So.2d 592 (La.App. 3rd Cir. 1982), writ denied, 420 So.2d 445 (La.1982); Fontenot's Rice Drier, Inc. v. Farmers Rice Milling Co., 329 So.2d 494 (La.App. 3rd Cir.1976), writ denied, 333 So.2d 239 (La.1976). Paragraph 2 of the trapping lease between appellant and Dupont and Pettefer, which is also applicable to the Miami-Gary lease, provides for a stipulated term and specifically precludes the use of custom or any other device to obtain a renewal of the lease. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. La.C.C. art. 2046.
Appellant next urges that a material issue of fact exists concerning his right to recover damages under the doctrine of quantum meruit.
Plaintiff did not plead his right to recovery under quantum meruit in his petition as supplemented and amended. Nor did he urge any right to recovery on that basis at the trial level but seeks to assert such claim for the first time on appeal. In Deville v. Pugh, 490 So.2d 800 (La.App. 3rd Cir.1986), a panel of this court, under similar circumstances, stated:
"In brief Deville attempts to raise for the first time an alternative claim in quantum meruit. To state a cause of action for unjust enrichment, plaintiff must allege (1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and impoverishment; (4) an absence of justification for the enrichment or impoverishment; and (5) the absence of any other remedy at law. Marceaux v. Town of Lake Arthur, 392 So.2d 783 (La.App. 3rd Cir. 1980). Deville sued solely under allegations of contract, therefore, this issue can not be raised for the first time on appeal. See Josey v. Howard Lumber & Supply Company, 232 So.2d 119 (La. App. 2nd Cir.1970). Accordingly, we will not consider this issue."
Since plaintiff failed to allege and assert a cause of action for unjust enrichment at the trial level, such issue cannot be considered for the first time on appeal.
For these reasons, the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.