STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

13-1175

URSULA MARIE RATTLIFF

VERSUS

REGIONAL EXTENDED HOME CARE
PERSONNEL SERVICES, L.L.C.

**\*\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 9
PARISH OF ST. MARTIN, NO. 12-02760
ELIZABETH C. LANIER, WORKERS' COMPENSATION JUDGE

**\*\*\*\*\*\*\*\*\*\*\***

JAMES T. GENOVESE
JUDGE

**\*\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and James T. Genovese, Judges.

**AFFIRMED.**

Mark T. Garber
2000 West Congress Street
Lafayette, Louisiana 70506
(337) 234-5500
COUNSEL FOR PLAINTIFF/APPELLANT:
      Ursula Marie Rattliff

**James D. Hollier**
**Philip H. Boudreaux, Jr.**
**NeunerPate**
**One Petroleum Center, Suite 200**
**1001 West Pinhook Road**
**Post Office Drawer 52828**
**Lafayette, Louisiana 70505-2828**
**(337) 237-7000**
**COUNSEL FOR DEFENDANT/APPELLEE:**
   **Regional Extended Home Care**
   **Personnel Services, L.L.C.**

**Stephen Winston Glusman**
**Glusman, Broyles & Glusman**
**Post Office Box 2711**
**Baton Rouge, Louisiana 70821-2711**
**(225) 387-5551**
**COUNSEL FOR INTERVENOR:**
   **LUBA Casualty Insurance Company**

**GENOVESE, Judge.**

In this workers' compensation case, Claimant/Employee, Ursula Marie Rattliff, appeals the judgment of the Office of Workers' Compensation granting summary judgment in favor of Defendant/Employer, Regional Extended Home Care Personnel Services, L.L.C.[1]  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On April 26, 2011, Ms. Rattliff, a licensed practical nurse, was employed by Regional Extended Home Care Personnel Services, L.L.C. (Regional) as a home health nurse.  On that date, after leaving her home en route to the home of one of Regional's clients, Ms. Rattliff was involved in a motor vehicle accident while operating her personal automobile.  She subsequently filed a disputed claim for workers' compensation benefits, seeking wage benefits, medical treatment, and penalties and attorney fees.

Regional denied Ms. Rattliff's workers' compensation claim and filed a motion for summary judgment on the grounds that Ms. Rattliff was not in the course and scope of her employment with Regional at the time the accident occurred.  Ms. Rattliff filed a cross-motion on the same issue.  The Workers' Compensation Judge (WCJ) granted Regional's motion and dismissed Ms. Rattliff's claims.  Ms. Rattliff appeals.

## ASSIGNMENT OF ERROR

The sole issue before this court is the propriety of the WCJ's grant of summary judgment in favor of Regional on the grounds that Ms. Rattliff was not in the course and scope of her employment with Regional when the accident occurred.

---

[1]LUBA Casualty Insurance Company, Intervenor, is also a party to the proceedings; however, its claims are not relevant to the present appeal.

## LAW AND DISCUSSION

"Appellate courts review summary judgment *de novo*, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, and in the light most favorable to the non-movant." *Yokum v. 615 Bourbon Street, L.L.C.*, p. 25 (La. 2/26/08), 977 So.2d 859, 876 (citing *Suire v. Lafayette City-Parish Consol. Gov't*, 04-1459 (La.4/12/05), 907 So.2d 37). Louisiana Code of Civil Procedure Article 966(A)(2) states "[t]he summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action," and this "procedure is favored and shall be construed to accomplish these ends." "[I]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact," then judgment shall be granted as a matter of law in favor of the mover. La.Code Civ.P. art. 966(B) and (C).

*Kleinman v. Bennett*, 11-947, p. 2 (La.App. 3 Cir. 12/7/11), 80 So.3d 689, 691-92.

*Edwards v. Larose Scrap & Salvage, Inc.*, 11-1412, p. 4 (La.App. 3 Cir. 4/4/12), 89 So.3d 1227, 1230-1231, *writ denied*, 12-1510 (La. 10/12/12), 98 So.3d 870.

Relative to a motion for summary judgment, La.Code Civ.P. art. 966(C)(2) provides that:

The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

In this case, Ms. Rattliff bears the initial burden of proving that she suffered personal injury caused by an "accident arising out of and in the course of [her] employment" with Regional. La.R.S. 23:1031(A). If she is unable to meet this

2

burden, then there is no genuine issue of material fact, and Regional is entitled to summary judgment.

The jurisprudence is replete with caselaw determining the compensability of injuries sustained by employees while traveling to and from work. Such considerations require courts to apply what has come to be known as the "going-and-coming rule." *Dean v. Southmark Constr.*, 03-1051, p. 8 (La. 7/6/04), 879 So.2d 112, 117. "Normally, injuries sustained by an employee while traveling to and from work are not considered to have occurred within the course and scope of employment, and thus, are not compensable under the Workers' Compensation Act." *Id.* (citing *McLin v. Indus. Specialty Contractors, Inc.*, 02-1539 (La. 7/2/03), 851 So.2d 1135). As the supreme court opined, the rule "is premised on the theory that, ordinarily, the employment relationship is suspended from the time the employee leaves work to return home until he resumes his work." *Id.* "Furthermore, an employee's place of residence is a personal decision not directly controlled by the employer, and treating commuting time as part of the determination of course and scope of employment would remove manageable boundaries from the determination." *Martin v. Pride Offshore Co., Inc.*, 05-2373, p. 6 (La.App. 1 Cir. 11/3/06), 950 So.2d 805, 808-09 (citing *Orgeron ex rel. Orgeron v. McDonald*, 93-1353 (La. 7/5/94), 639 So.2d 224).

> The jurisprudence has recognized exceptions to this general rule, such as: 1) if the accident occurred on the employer's premises; 2) if the employee was on a specific mission for the employer; 3) if the employer had interested himself in the transportation of the employee as an incident to the employment agreement by either contractually providing for transportation or by reimbursement of the travel expenses to the employee; 4) if the employee was performing work for the employer and circumstances indicated that the employer's consent could be fairly implied; 5) if the injury occurred while traveling to/from one work site to another; 6) if the injury occurred in an area immediately adjacent to his/her work place and the area contained a distinct travel risk to the employee; and 7) if the operation of the vehicle was one of the employee's duties of employment.

3

*Edwards v. Transwestern Publ'g, LLC.*, 06-1057, pp. 5-6 (La.App. 3 Cir. 3/7/07), 953 So.2d 1006, 1010.

In the case at bar, it is undisputed that Ms. Rattliff had left her home and was on her way to a patient's home when she was involved in the accident. Thus, unless the facts of this case come within an exception to the going-and-coming rule, her accident did not arise out of and in the course of her employment with Regional, thereby precluding her from receiving workers' compensation benefits.

Ms. Rattliff asserts that "[h]er case squarely fits within established exceptions" to the going-and-coming rule. We disagree.

Ms. Rattliff drove her own vehicle to work each day. She was not paid for the time that she spent traveling to and from work. Regional did not pay Ms. Rattliff for mileage or travel expenses. Ms. Rattliff was paid on an hourly basis for actual patient care while she was at the patient's home, and she received no form of additional compensation. She was responsible for paying her own automobile insurance and her cell phone expenses. When the accident occurred, Ms. Rattliff was only assigned to care for one patient. She traveled the same route to the patient's home each day, and there was no deviation on this particular day.

In an effort to circumvent the going-and-coming rule, Ms. Rattliff asserts that the accident occurred while she was on a special mission for Regional. However, her own testimony defeats this assertion. In her own words, Ms. Rattliff described the day of her accident as just a "[n]ormal day." She stated that there was "[n]othing special[,]" and she was just doing her usual "routine" as she did "every other day." Clearly at the time of her accident, Ms. Rattliff was not on a special mission for Regional.

Ms. Rattliff alternatively seeks to classify her home as a worksite and argues that because she was traveling from one worksite to another, she was not subject to

4

the going-and-coming rule. She makes much of Regional supplying her with a laptop and the use of her cell phone at home for work purposes. However, her own testimony likewise defeats her attempt to classify her home as a worksite. According to Ms. Rattliff, she rarely used her laptop for work at home. She would go to Regional's office to turn in her paperwork and receive her paycheck. In fact, there was no evidence that she did work for Regional while at home, nor was she paid her hourly rate while she was at home.

Lastly, Ms. Rattliff argues that Regional had interested itself in her transportation as an incident of her employment. She points out that she was required by Regional to have a valid driver's license, to submit proof of insurance, and to take a safe driving test. Given the nature of Regional's home healthcare business, Ms. Rattliff posits that "driving to patients' homes to provide 'home health' care **was** the performance of her employment duties[.]" Regional counters that all Louisiana motorists are required to have a driver's license and proof of insurance; therefore, these facts are of no moment. Additionally, "[r]equiring an employee to show up for work does not make the employee's transportation incidental to the employment contract." Notably, Regional did not contractually provide for Ms. Rattliff's transportation, nor did they reimburse her for her travel expenses. Also, Ms. Rattliff was not assigned to travel between different locations to care for different patients during the course of her workday. Rather, as Regional argues, she simply "was required to travel to work just as every other employee travels to his place of employment to start his/her day's work." However, "[h]er employment relationship with Regional did not begin until she arrived at her only client's home each and every day."

Given these facts, we do not find that Ms. Rattliff falls within any exception to the going-and-coming rule. Therefore, she did not meet her threshold burden of

5

establishing that she suffered personal injury caused by an "accident arising out of and in the course of [her] employment[.]" La.R.S. 23:1031(A). As she is unable to meet her burden of proof, there is no genuine issue of material fact, and, as a matter of law, Regional is entitled to summary judgment.

## DECREE

For the reasons assigned, the judgment of the Office of Workers' Compensation granting summary judgment in favor of Regional Extended Home Care Personnel Services, L.L.C. is affirmed. Costs of this appeal are assessed to Ursula Marie Rattliff.

**AFFIRMED.**