STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

23-148

CELESTE REED OBO AVA COPE

VERSUS

BLACK STAR ENERGY SERVICES, LLC AND

TEXAS MUTUAL INSURANCE COMPANY

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION – Dist. No. 4
PARISH OF LAFAYETTE, NO. 22-03099
ANTHONY P. PALERMO, WORKERS' COMPENSATION JUDGE

**********

## VAN H. KYZAR
## JUDGE

**********

Court composed of D. Kent Savoie, Van H. Kyzar, and Sharon Darville Wilson, Judges.

AFFIRMED.

Tracy P. Curtis
The Glenn Armentor Law Corp.
300 Stewart Street
Lafayette, LA 70501
(337) 233-1471
COUNSEL FOR PLAINTIFF/APPELLANT:
    Celeste Reed obo Ava Cope

Jennifer Sullivan Lambert
Juge, Napolitano, Guilbeau, Ruli & Frieman
3320 West Esplanade Avenue North
Metairie, LA 70002
(504) 831-7270
COUNSEL FOR DEFENDANT/APPELLEE:
    Black Star Energy Services, LLC

J. Warren Gardner, Jr.
Christovich & Kearney, LLP
601 Poydras Street,  Suite 2300
New Orleans, LA 70130-6078
(504) 561-5700
COUNSEL FOR DEFENDANT/APPELLEE:
    Texas Mutual Insurance Company

**KYZAR, Judge.**

Plaintiff, Celeste Reed, on behalf of Ava Cope, a minor, appeals the judgement of the workers' compensation judge granting a motion for summary judgment in favor of the employer holding that the decedent employee was not in the course and scope of his employment at the time of his death. For the following reasons, we affirm.

## DISCUSSION OF THE RECORD

This action arises out of a vehicular accident that occurred in the early morning hours of January 17, 2022, resulting in the death of Jonnie Keith Cope. The decedent, along with Michael Lowery, Alberto Nevarez, and Corey Kothenbeutel, were working for Black Star Energy Services, LLC (Black Star) at a jobsite in Roby, Texas. On January 16, 2022, the four men finished work at around 6:00 p.m. They then met for dinner at Amores Italian restaurant in Snyder, Texas at approximately 7:00 p.m., where they ate, consumed alcohol, and watched football until approximately 10:00 p.m. At that time, the group travelled together to a gentlemen's club in Lubbock, Texas, where they remained until approximately 2:00 a.m., when they attempted to drive back to Snyder, Texas. While traveling, the driver, Mr. Kothenbeutel, fell asleep, losing control of the vehicle. After striking a guardrail, the vehicle rolled over several times, ejecting the front right passenger and the back left passenger. Mr. Cope, the front right passenger, was pronounced dead at the scene of the accident.

A disputed claim for compensation was filed by Ms. Reed on behalf of her minor child, Ava Cope, who is the minor child of the decedent, Mr. Cope, seeking death benefits against Black Star and its workers' compensation insurer, Texas Mutual Insurance Company (Texas Mutual).

Texas Mutual filed a motion for summary judgment asserting that it only provided Texas workers' compensation benefits for Texas employees injured at Texas work sites and therefore did not provide coverage for Mr. Cope's death.[1] Neither Black Star nor Plaintiff opposed Texas Mutual's motion, and it was dismissed from the claim.

Black Star also filed a motion for summary judgment, asserting that the decedent was not in the course and scope of his employment at the time of the accident. After hearing the argument of counsel and reviewing the evidence, the workers' compensation judge (WCJ) found that at the time of the accident, the decedent and his party were leaving Lubbock, Texas at around 3:00 a.m. and were traveling back to their hotel rooms. As the mission they were on was not furthering the mission for Black Star, it, therefore, fell outside the course and scope of their employment. Accordingly, judgment was rendered in favor of Black Star, dismissing the claim against it.[2]

This appeal followed, wherein Plaintiff makes the following assignments of error:

1.  The workers' compensation judge summarily dismissed employer relying entirely on evidence that employer introduced and ignored claimant's evidence that contradicts the employees' destination that is determinative of an exception to the "going and coming rule."

2.  The workers' compensation judge acknowledged claimant's contradictory evidence but nevertheless made a credibility determination in granting summary judgment because it found ". . . that the evidence points to the fact that the travel at the time of the accident was outside of the course and scope of employment."

---

[1] Although the accident occurred in Texas, it was not disputed that the decedent was domiciled in Lafayette, Louisiana.

[2] The original judgment of the WCJ was dated January 13, 2023, but did not contain the necessary decretal language. The WCJ filed with this court an amended judgement dated October 27, 2023, containing the decretal language dismissing the claims against Black Star with prejudice.

2

3. Alternatively, it is unclear whether the workers' compensation judge considered appellant's affidavit even after allowing it into evidence.

## DISCUSSION

Plaintiff first asserts that the WCJ summarily dismissed Black Star relying entirely on evidence that it introduced and ignoring her evidence, which contradicted the employees' destination on the morning of the accident that is determinative of an exception to the "going and coming rule." She next asserts that the WCJ made an improper credibility determination in deciding to grant summary judgment when it made the statement in its reasons for judgment "that the evidence points to the fact that the travel at the time of the accident was outside of the course and scope of employment." Finally, Plaintiff asserts that it is unclear whether the WCJ considered her affidavit even after allowing it into evidence.[3] As all of the assignments of error relate to the propriety of the granting of the motion for summary judgment, we address them together.

Appellate courts review summary judgments *de novo* under the same criteria that governed the trial court's consideration of whether or not summary judgment was appropriate. *Schroeder v. Bd. of Supervisors of La. State Univ.*, 591 So.2d 342 (La.1991). Summary judgment is proper if the motion, memorandum, and supporting documents show that there is no genuine issue of as to material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(A)(3).

Louisiana Code of Civil Procedure Article 966 charges the moving party with the burden of proving that summary judgment is appropriate. In doing so, the

---

[3] While not couched as a true assignment of error, we will consider the argument to assert that the WCJ did not adequately consider Plaintiff's affidavit in deciding that no issues of material fact were indeed in dispute.

3

moving party's supporting documentation must be sufficient to establish that no genuine issue of material fact remains at stake. *Townley v. City of Iowa*, 97-493 (La. App. 3 Cir. 10/29/97), 702 So.2d 323. Once the mover makes a prima facie showing that there is no genuine issue as to a material fact and that summary judgment should be granted, the burden shifts to the non-mover. *Id.*

The threshold question in reviewing a trial court's grant of summary judgment is whether a genuine issue of material fact remains. *Kumpe v. State*, 97-386 (La.App. 3 Cir. 10/8/97), 701 So.2d 498, *writ denied*, 98-50 (La. 3/13/98), 712 So.2d 882. We must then determine whether reasonable minds could conclude, based on the facts presented, that the mover is entitled to judgment. *Id.* Thus, summary judgment is appropriate when all relevant facts are brought before the court, the relevant facts are undisputed, and the sole issue remaining is the conclusion to be drawn from the relevant facts. *Id.* If the mover's supporting documentation is sufficient to establish that no genuine issue of material fact exists, the burden of proving the existence of a genuine issue of material fact shifts to the nonmoving party. To satisfy her burden of proof, the nonmoving party must not rely on the mere allegations or denials of her pleadings, but her response must set forth specific facts showing that there is a genuine issue for trial. La.Code Civ.P. art. 967.

The evidence presented by Black Star, to support the proposition that the decedent was not in the course and scope of his employment at the time of the accident, consisted of the affidavits of Mr. Lowery and Mr. Nevarez, an email from Mr. Kothenbeutel to Black Star, and the Texas Peace Officer's crash report.[4]

Both affidavits indicated that the decedent, Mr. Nevarez, Mr. Lowery, and Mr. Kothenbeutel were all working for Black Star on January 16, 2022, at the same

---

[4] The trial court admitted all of the exhibits, and no issue was raised thereto in this appeal.

4

jobsite in Roby, Texas. The four ended their shift at approximately 6:00 p.m., then went to dinner at Amores Italian restaurant in Synder, Texas at approximately 7:00 p.m. They ate dinner and watched football until approximately 10 p.m., at which time they decided to travel to a gentleman's club located in Lubbock, Texas.[5] While traveling back to their hotel in Snyder, Texas, they were involved in a motor vehicle accident that resulted in the death of Mr. Cope. Both men indicated they were not on any mission for Black Star at the time of the accident.

The email[6] from Mr. Kothenbeutel to Black Star dated March 15, 2022, stated the following:

> We all got off work around 6pm[.] Went to shower at the hotel[.] Then went eat [sic] at Amores restaurant around 8pm[.] [W]e left their [sic] around 12am an [sic] went to Jaguars strip club[.] We left the strip club around 3am heading too [sic] the hotel[.]   **ALL TIMES ARE ESTIMATES**

The crash report established that the accident occurred at approximately 4:00 a.m. on U.S. Hwy. 84. Mr. Kothenbeutel was driving a 2016 Dodge Ram Truck and carrying as passengers the decedent, Mr. Nevarez, and Mr. Lowery. As a result of this accident, Mr. Cope died.

In opposition to Black Star's motion, Plaintiff submitted her own affidavit, in which she asserts that she and the decedent lived together and that she is the mother of their minor child. She also asserted that Mr. Kothenbeutel, who in addition to being the decedent's co-employee, was also a family friend, died in October 2022, from causes unrelated to the accident. She states that prior to his death, Mr.

---

[5] Mr. Lowery indicated in his affidavit that due to intoxication, he did not know where they went after leaving the restaurant, but his Life 360 tracking application on his smart phone indicated he had gone to a gentlemen's club in Lubbock, Texas. While Plaintiff initially objected to this portion of the affidavit, the WCJ ultimately admitted it in total. No issue was raised thereto in this appeal.

[6] This email was admitted by the WCJ, and no error was raised as to the ruling herein.

5

Kothenbeutel admitted to her that he was driving decedent's vehicle at the time of the accident because he was the least intoxicated of the four men. Further, her affidavit provides that Mr. Kothenbeutel admitted:

> Because of the early morning hour that the four men left the late-night business establishment, which was about a half-hour prior to the Crash that occurred about 4:00 AM, because of the time that the four men had to report to work, and because the other two men were assigned to work at job-site different from the job-site that Decedent and Kothenbeutel were assigned to, Kothenbeutel intended to drive the other two men directly to their Black Star job-site, and after that he and Decedent intended to drive directly to their Black Star job-site.[7]

The WCJ's oral ruling in favor of Black Star on the motion provided the following:

> With regards to the Motion for Summary Judgment on behalf of Black Star Energy, the issue in the Motion for Summary Judgment was whether the claimant was in the course and scope of employment at the time of the accident. After a review of the evidence, it is fairly clear that Jonnie Keith Cope was not in the course and scope of employment at the time of the accident.
>
> It is undisputed in this matter that the accident occurred in the state of Texas at the time of injury, while Jonnie Keith Cope was a resident of the State of Louisiana.
>
> At the time of the accident, he was working for Black Star Energy Services in Midland, Texas. However, the evidence shows at the time of the accident, Mr. Cope was returning from an outing that was not within the course and scope of employment.
>
> Mr. Cope was leaving Lubbock, Texas around 3:00 a.m. after eating dinner and proceeding to a gentleman's club with some of his co-workers. At the time of the accident, the parties were traveling in a vehicle back to their hotel room.
>
> The mission that they were on at the time was not in the course and scope of employment. It was not furthering the mission for Black Star Energy Services, Incorporated; and therefore, falls outside of the course and scope of employment.
>
> . . . .

---

[7] While Black Star initially objected to this portion of the affidavit, the WCJ admitted it in full. Black Star did not answer the appeal raising any error as to this ruling.

6

Therefore, there is no issue of material fact in this case, and Black Star Energy is entitled to a granting of the Motion for Summary Judgment as a matter of law.

Plaintiff's first assignment of error asserts that although the decedent was traveling back to the job site from his out-of-town outing at the time of the accident, he was, nevertheless, in the course and scope of his employment because the evidence established an exception to the "going and coming rule."

The Louisiana Workers' Compensation Act provides a remedy for employees injured in accidents while in the course and scope of employment. Course of employment refers to time and place, and scope of employment examines employment related risk of injury. La.R.S. 23:1032; *Hill v. West Am. Ins. Co.*, 93-915 (La.App. 3 Cir. 3/2/94), 635 So.2d 1165, *writ denied*, 94-1630 (La. 9/30/94), 642 So.2d 881. In *Theriot v. Full Service Systems Corp.*, 14-1199, p. 3 (La.App. 3 Cir. 5/27/15), 166 So.3d 1190, 1193–94, *writ denied*, 15-1603 (La. 11/20/15), 181 So.3d 700, this court discussed the "going-and-coming rule" and its exceptions as follows:

> Generally, injuries sustained by an employee while traveling to and from work are not considered to have occurred within the course of employment and, therefore, are not compensable under the Workers' Compensation Act. This rule, often referred to as the "going-and-coming rule," is premised on the theory that, ordinarily, the employment relationship is suspended from the time the employee leaves his work to go home until he resumes his work.
>
> However, the well-established "going-and-coming rule" is subject to the following exceptions recognized by the jurisprudence: (1) if the accident occurred on the employer's premises; (2) if the employee was deemed to be on a specific mission for the employer; (3) if the employer had interested himself in the transportation of the employee as an incident to the employment agreement either by contractually providing transportation or reimbursing the employee for his travel expenses; (4) if the employee was doing work for his employer under circumstances where the employer's consent could be fairly implied; (5) if the employee was injured while traveling to and from one work site to another; (6) if the employee was injured in an area immediately adjacent to his place of employment and that area contained a distinct travel risk to the employee ("the threshold doctrine"); or (7) if the

7

operation of a motor vehicle was the performance of one of the duties of the employment of the employee. Whether an exception applies is a question of fact.

Plaintiff asserts that the second and fifth exceptions to the "going and coming" rule apply in this case. She argues that her affidavit citing Mr. Kothenbeutel's statement established that because of the time the four men left the gentleman's club and were supposed to report to work, and because the other two men were assigned to a different job site from that which the decedent and Mr. Kothenbeutel were assigned, Mr. Kothenbeutel intended to drive the other two men directly to their Black Star job site. After that, he and the decedent intended to drive directly to their Black Star job site. Plaintiff argues that the fact the men were diving directly to their work sites from the gentleman's club rather than to their hotel provides the basis for the two exceptions to the "going and coming rule."[8] Plaintiff asserts that Mr. Kothenbeutel's statement that one of the men was a supervisor, though that man was not identified, and the fact the men were being driven to work would satisfy the second exception, that the employee was deemed to be on a specific mission for the employer. *Id.* Additionally, if the men were being driven to the work site, or at least some of them to one of two sites, then the fifth exception would apply, that the employee was injured while traveling to and from different work sites. *Id.*

In *Gomez v. Sundowner Offshore Services, Inc.*, 99-521 (La.App. 3 Cir. 10/6/99), 745 So.2d 104, the plaintiffs worked on an oil rig for the defendant. Following the completion of a seven-day shift, they car-pooled home with their supervisor, in his personal vehicle. On the way, they stopped at a bar and consumed substantial amounts of alcohol. Upon leaving the bar, the supervisor frontally

---

[8] This statement is in contrast to the affidavits of Mr. Lowery and Mr. Nevarez and the email from Mr. Kothenbeutel, which state that they were driving to the hotel at the time of the crash.

8

collided with a vehicle and was then rear-ended by another vehicle, causing injuries to the plaintiffs. After the plaintiffs filed separate workers' compensation claims against the defendant/employer, it filed a motion for summary judgement asserting that the workers' compensation claims should be dismissed as neither employee was in the course and scope of their employment at the time of the wreck. The WCJ granted the defendant's motion, dismissing the case.

On appeal, the plaintiffs asserted the judgment was improperly granted because there was a genuine issue of material fact as to whether they were within the course and scope of their employment, since they remained under the supervisor's supervision, direction, and control from the time they left the drilling rig until they arrived home. They also asserted that the supervisor was still on a mission for the defendant at the time of the accident because he was required to drop off payroll records at the defendant's office and that this fact alone created a material issue of fact as to whether they were in the course and scope of their employment. This court, in rejecting the plaintiffs' position, noted there was no evidence that the employees were under the supervision, direction and control of the supervisor. To the contrary, the evidence established this was simply a carpool arrangement because the supervisor lived in the same neighborhood as the plaintiffs. Whether the supervisor was on a mission for the employer, if true, had no bearing on whether the two plaintiffs were on a mission for the defendant, and thus, in the course and scope of their employment. Accordingly, the judgment of the WCJ that the plaintiffs were not in the course and scope of their employment at the time of the accident was affirmed.

This court in *Rattliff v. Regional Extended Home Care Personal Services., L.L.C.*, 13-1175 (La.App. 3 Cir. 3/5/14), 134 So.3d 129, dealt with the workers' compensation claim of a home health nurse who was involved in an automobile

accident while driving her personal vehicle from her home to the home of her employer's elderly client. In response to the compensation claim filed by the plaintiff, the employer filed a motion for summary judgment asserting the claimant was not in the course and scope of her employment at the time of the accident. The motion for summary judgment was granted and the plaintiff appealed, asserting that her case squarely fit within the "special mission for the employer" and the "traveling between worksite" exceptions to the going-and-coming rule. This court, in rejecting the plaintiff's contention that she was on a special mission for the employer, noted that at the time of the accident, the plaintiff was following her normal routine, which consisted of traveling from her home to the client's home. She, therefore, was clearly not on a special mission for the employer. Her assertion that she was traveling from one work site, her own home, to another was also rejected, as there was no evidence she did work for her employer at home. The court noted that the plaintiff was required to travel to work just as every other employee travels to his or her place of employment and that her employment relationship did not start until she arrived at her client's home. We find that the same rationale applies here, as the decedent was clearly travelling either to his hotel room or to his jobsite at the time of the accident. Under either scenario, he was not in the course and scope of his employment.

In *Orgeron on Behalf of Orgeron v. McDonald*, 93-1353, pp. 5–6 (La. 7/5/94), 639 So.2d 224, 227, the Louisiana Supreme Court, in discussing the traveling between worksites exception to the "going and coming rule," stated:

> The going and coming rule applies nicely when the employee has a fixed place of work, so that his traveling back and forth between his home and his fixed place of work is almost never in the course of employment. Not all employees, however, work on the employer's premises or have a fixed place of work. The dispatching of employees to different work locations gives rise to many "shades of gray" in the otherwise "black and white" applications of the going and coming rule.

10

When an employee is required to check in at a certain place and is then dispatched to the work site for that day, he is generally in the course of employment in the travel between the check in place and the work site, but not between home and the check in place. *See generally* Arthur Larson, *Law of Workman's Compensation* § 16 (1993). However, when an employee is instructed to report to different work sites which change periodically, without first reporting to a check-in place, there are more variations in the determination of course and scope of employment.

This court in *Bergeron v. Mar-Con, Inc.*, 97-263, p. 2 (La.App. 3 Cir. 11/26/97), 705 So.2d 232, 232-33 (emphasis added), *writ denied*, 98-806 (La. 5/8/98), 719 So.2d 52, in addressing the travel of employees between job sites stated:

It is well established in our law that generally an employee who is involved in an accident while traveling to and from work is not within the course and scope of his employment and is therefore not entitled to worker's compensation benefits. *Kennedy v. Martin Gas Transportation Co., Inc.*, 96-100 (La.App. 3 Cir. 8/21/96); 680 So.2d 1195, 1197, *writ denied*[,] 96-2838 (La.1/24/97); 686 So.2d 860. When an employee is required to check in at a certain place and is then dispatched to the work site, he is generally in the course of employment in the travel between the check in place and the work site, **but not between home and the check in place**. *Orgeron on Behalf of Orgeron v. McDonald*, 93-1353 (La.7/5/94); 639 So.2d 224, 227.

In the present case, there are no material facts in dispute. The men were on their own time eating and drinking into the early hours of the morning, then were either returning to their hotel room, as set forth in Black Star's submissions, or travelling to work prior to the crash, if consideration is given to the hearsay statements of Mr. Kothenbeutel within Plaintiff's affidavit. As stated above, the outcome is the same under both scenarios. The men were either going to the hotel or were travelling to work after being on their personal time eating, drinking, and engaging in leisure activities, both of which are outside of the exceptions to the rule. As mover, Black Star established the lack of support for at least one element of Plaintiff's claim, and the burden shifted to her to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La.Code Civ.P. art. 966(D)(1). Plaintiff

11

failed to do so. There was no evidence that the men were under the supervision of any supervisor, nor were they on a mission for Black Star. Plaintiff's argument that the "going-and-coming rule" should not apply in this case fails because there is no material fact in dispute that the men had not made it to any jobsite when the accident occurred, nor were they between jobsites. Plaintiff states in her own affidavit, as having lived with the decedent for many years, that his work hours for Black Star were typically from 6:00 a.m. to 6:00 p.m. She further admits in her affidavit that the men had actually gotten off of work the previous evening at 6:00 p.m. and that the crash occurred around 4:00 a.m. Accordingly, we find that no exception to the "going and coming rule" is applicable here, and that the decedent was not in the course and scope of his employment at the time of the crash.

Having determined that there is no issue of material fact that decedent was outside the course and scope of his employment, the remaining allegations of error are moot. No credibility determination was necessary in the decision to grant the summary judgment, and even considering Plaintiff's affidavit, no material issue of fact is raised concerning the issue of course and scope at the time of the accident.

Accordingly, Black Star is entitled to judgment as a matter of law, as the decedent was not within the course and scope of his employment at the time of the accident.

### DECREE

For the forgoing reasons, the judgment of the workers' compensation court granting the motion for summary judgment in favor of Black Star Energy Services, LLC, dismissing this action with prejudice, is affirmed. Costs of this appeal are assessed to Celeste Reed.

### AFFIRMED.

12