2016-0901 (La.App. 1 Cir. 10/28/16)
**STATE of Louisiana**
v.
**Donald Leon MURPHY**
**2016 KA 0901**

Court of Appeal of Louisiana,
First Circuit.

OCTOBER 28, 2016

Warren L. Montgomery, District Attorney, and, Matthew Caplan, Assistant District Attorney, Covington, Louisiana, Attorneys for Appellee, State of Louisiana

Jane L. Beebe, New Orleans, Louisiana, Attorney for Defendant/Appellant, Donald Leon Murphy

BEFORE: PETTIGREW, McDONALD, and DRAKE, JJ.

McDONALD, J.

The defendant, Donald Murphy, was charged by bill of information on counts one through four with production of pornography involving a juvenile under the age of thirteen years, violations of LSA–R.S. 14:81.1(E)(5)(b); on count five with computer aided solicitation of a minor, a violation of LSA–R.S. 14:81.3(B)(1)(c); and, on count six with unlawful use of a social networking website, a violation of LSA–R.S. 14:91.5(C)(1). The defendant pled not guilty on all counts. On the first day of trial, the defendant filed a motion to sever count six from the remaining counts and a motion to suppress his confession. The trial court denied the motions. Following a jury trial, the defendant was unanimously found guilty as charged on all six counts.

The defendant filed a motion for new trial, which the trial court granted as to count six and denied as to counts one through five.[1] The State filed a habitual offender bill of information, seeking to enhance the sentences on the defendant's four convictions of production of pornography involving a juvenile. After a hearing, the defendant was adjudicated a second-felony offender as to counts one through four under LSA–R.S. 15:529.1(A)(2)(a).[2] On each of counts one through four, the trial court sentenced the defendant to ninety-nine years imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence. On count five, the trial court sentenced the defendant to ten years imprisonment at hard labor, without the benefit of parole, probation, or suspension of sentence. The trial court ordered the sentences to be served concurrently. The State subsequently nol-prossed count six.

The defendant now appeals, assigning error to the trial court's denial of his chal-

---

1. The defense argued that on count six, the State had failed to prove beyond a reasonable doubt that the defendant was a sex offender, because the State's proof of such consisted of uncertified documents verifying the prior conviction. In granting the motion for new trial as to count six, the trial court agreed that the documents were not certified and should not have been admitted into evidence.

2. The habitual offender bill of information lists one predicate conviction in the Department of the Navy on April 24, 2008 of the crime of Uniform Code of Military Justice Article 134, receiving child pornography as defined by 18 USCA § 2256(8).

lenge for cause on two prospective jurors; the trial court's denial of his motion to sever count six; the trial court's denial of his motion for a mistrial; and the trial court's failure to identify which count was being enhanced by the habitual offender bill of information. For the following reasons, we affirm the convictions and sentences.

## ┃₃STATEMENT OF FACTS

In or around November 2012, the defendant began communicating via the internet with M.R., the victim herein who was twelve years old at the time.[3] The victim testified that the defendant initiated conversations with her on a social network chat site called "Kik." The victim further testified that she and the defendant became friends, that she told the defendant her age, that he told her his age, and that they had approximately 500 text message communications over a period of time. At one point, the defendant sent the victim a sexually graphic video that revealed his "privates [genitals]," and instructed her to view it alone. The victim was uncomfortable with the video and told the defendant that she did not want it. However, the communications (including additional video exchanges and photographs) continued through early January 2013, and became increasingly lewd. Specifically, among the photographs, the victim complied with the defendant's request to send him a photograph of her vagina. The defendant told the victim to delete the photographs that he sent her and that he did not want anyone else to see them. However, the victim did not follow his instructions to delete the photographs. The victim complied with the defendant's instructions to

send additional sexually graphic photographs and videos of herself committing acts as specifically instructed by the defendant, including masturbation. The defendant also repeatedly told the victim that he himself masturbated while viewing the photos and videos she sent.

Early in 2013, David Ferris of the Louisiana Attorney General's Office Cyber Crimes Unit, began investigating the case after it was forwarded to his office through the nationwide Internet Crimes Against Children Task Force. The Attorney General's Office received the evidence of the offenses, including chat logs, videos, and images that were transferred, and began investigating the defendant. The defendant was taken into custody after he was flown into Houma, Louisiana, from a rig offshore. After ┃₄he was advised of his *Miranda*[4] rights and signed a waiver of rights form, the police conducted a recorded interview of the defendant. The defendant admitted to using the Kik social network to communicate with females. The defendant also confessed to having communications and exchanging explicit photographs (of other people) with an underage female who indicated that she was thirty years younger than him. He initially stated that he thought she was eighteen years old, then stated that she said she was sixteen years old, but then admitted that she informed him that she was about thirteen or fourteen years old. The defendant ultimately admitted that the victim sent him photographs of her private parts. He also admitted to receiving sexually graphic videos of the victim and to sending the victim sexually graphic photographs and videos of himself.

---

3. The victim's date of birth is September 1, 2000. The defendant's date of birth is April 26, 1970. Herein, only initials will be used to identify the victim. *See* LSA–R.S. 46:1844(W).

4. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

## ASSIGNMENT OF ERROR NUMBER ONE

In assignment of error number one, the defendant argues that the trial court erred in denying his challenges for cause as to two prospective jurors, Ryan Hopkins and Cheryl Rivera. The defendant argues that their answers as a whole indicated that they could not be fair and impartial. The defendant notes that Mr. Hopkins was a deputy of the St. Tammany Parish Sheriff's Office at the time of the trial and that Ms. Rivera was an FBI information technology specialist, who was married to a retired DEA agent. The defendant concedes that both prospective jurors indicated that they could be fair and gave responses that were "technically in line." The defendant argues however that, absent further inquiry, their work with law enforcement alone was grounds for a cause challenge.

An accused in a criminal case is constitutionally entitled to a full and complete voir dire examination and to the exercise of peremptory challenges. LSA–Const. art. I, § 17(A). Both the defendant and the State are given twelve peremptory challenges in trials of offenses punishable by death or necessarily by imprisonment at hard labor. LSA–C.Cr.P. art. 799. Pursuant to LSA–C.Cr.P. art. 797(2), a prospective juror may be challenged for cause because he is not impartial, whatever the cause of his partiality. Prejudice is presumed when a trial court erroneously denies a challenge for cause and ⌊₅the defendant has exhausted his peremptory challenges. *State v. Robertson,* 92–2660 (La. 1/14/94), 630 So.2d 1278, 1280; *State v. Ross,* 623 So.2d 643, 644 (La. 1993). An erroneous ruling depriving an accused of a peremptory challenge substantially violates his rights and constitutes reversible error. *Robertson,* 630 So.2d at 1280–81.

Nonetheless, a defendant is permitted to complain of a ruling refusing to sustain his challenge for cause even if he had not thereafter exercised all of his peremptory challenges. *See State v. Vanderpool,* 493 So.2d 574, 575–76 (La. 1986) (Calogero, J., concurring); *see also State v. Copeland,* 530 So.2d 526, 535 (La. 1988), *cert. denied,* 489 U.S. 1091, 109 S.Ct. 1558, 103 L.Ed.2d 860 (1989). In such a case, the defendant must be able to show some prejudice to overcome LSA–C.Cr.P. art. 921's requirement that "[a] judgment or ruling shall not be reversed by an appellate court because of any error ... which does not affect substantial rights of the accused." *Robertson,* 630 So.2d at 1280. A trial court has great discretion in determining whether to seat or reject a juror for cause, and such rulings will not be disturbed unless a review of the voir dire as a whole indicates an abuse of that discretion. *State v. Martin,* 558 So.2d 654, 658 (La. App. 1 Cir.), *writ denied,* 546 So.2d 318 (La. 1990).

A law enforcement officer is not automatically excluded from service on a criminal jury. Rather, the trial court should determine on a case-by-case basis whether the prospective juror can serve impartially. *State v. Ballard,* 98–2198 (La. 10/19/99), 747 So.2d 1077, 1079–80. In *Ballard,* the police officer's responses to the trial court's questions indicated that his employment status would have no bearing on his ability to serve as a fair and impartial juror and that he would not be more inclined to believe or disbelieve a police officer testifying at trial simply because he was himself a police officer. *Id.* at 1080. The *Ballard* court rejected the notion that the prospective juror's status as a police officer alone disqualified him from serving as a juror and held that LSA–C.Cr.P. art. 797 provided sufficient safeguards to ensure a fair and impartial jury. *Ballard,* 747 So.2d at 1079–80.

■ Here, the record indicates that the defendant used eleven of the twelve peremptory challenges available. The trial court specifically informed the defense attorney that he had one strike left just before the twelfth juror was accepted by both parties. The defense used an additional peremptory challenge during the selection of the alternate juror. Thus, the defendant did not exercise all of his peremptory challenges before the alternate juror was picked, and prejudice is not presumed in this case. *See* LSA–C.Cr.P. art. 799. Further, the defendant has not alleged or shown how he was prejudiced. *See* LSA–C.Cr.P. art. 921. As the defendant concedes, both of the prospective jurors indicated that they could be fair and impartial and did not give any responses that would indicate otherwise. We find the trial court did not abuse its discretion in denying the challenges for cause at issue. Thus, assignment of error number one lacks merit.

### ASSIGNMENT OF ERROR NUMBER TWO

■ In assignment of error number two, the defendant argues that the trial court erred in denying his motion to sever the counts. The defendant notes that count six, unlawful use of a social networking website, involved the requisite element of a prior sex offense conviction. The defendant argues that this information confused the actual issue for the jury and affected the judging of credibility and the State's burden of proof. The defendant notes that count six was ultimately dismissed after the trial court granted the motion for new trial as to that count. The defendant argues that the count was used to prejudice the case. The defendant concludes that the severing of count six would have prevented the jury from hearing evidence of the prior conviction. The defendant argues that the error was not harmless, contending that

the verdict was not surely unattributable to the error.

Louisiana Code of Criminal Procedure article 493 (Joinder of offenses) provides:

Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan; provided that the offenses joined must be triable by the same mode of trial.

However, even when multiple offenses may be joined under LSA–C.Cr.P. art. 493, LSA–C.Cr.P. art. 495.1 additionally provides that:

If it appears that a defendant or the state is prejudiced by a joinder of offenses in an indictment or bill of information or by such joinder for trial together, the court may order separate trials, grant a severance of offenses, or provide whatever other relief justice requires.

■ A defendant in any case bears a heavy burden of proof when alleging prejudicial joinder of offenses as grounds for a motion to sever; factual, rather than conclusory, allegations are required. In ruling on such a motion, the trial court must weigh the possibility of prejudice to the defendant against the important considerations of economical and expedient use of judicial resources. A motion to sever is addressed to the sound discretion of the trial court, and the court's ruling should not be disturbed on appeal absent a clear showing of prejudice. *State v. Morris*, 99–3075 (La.App. 1 Cir. 11/3/00), 770 So.2d 908, 913–14, *writ denied*, 00–3293 (La. 10/12/01), 799 So.2d 496, *cert. denied*, 535

U.S. 934, 122 S.Ct. 1311, 152 L.Ed.2d 220 (2002). In determining whether joinder will be prejudicial, the court should consider whether: (1) the jury would be confused by the various counts; (2) the jury would be able to segregate the various charges and evidence; (3) the defendant would be confounded in presenting his various defenses; (4) the crimes charged would be used by the jury to infer a criminal disposition; and (5) especially considering the nature of the charges, the charging of several crimes would make the jury hostile.[5] *State v. Deruise*, 98–0541 (La. 4/3/01), 802 So.2d 1224, 1232, *cert. denied*, 534 U.S. 926, 122 S.Ct. 283, 151 L.Ed.2d 208 (2001). However, the fact that evidence of one of the charges would not be admissible under *State v. Prieur*, 277 So.2d 126 (La. 1973), in a separate trial on the joined offense, does not per se prevent the joinder and single trial of both crimes if the joinder is otherwise permissible. Finally, there is no prejudicial effect from the joinder of two offenses when the evidence of each is relatively simple and distinct, so that the jury can easily keep the evidence of each offense separate in its deliberations. *Id.*

We find that the offenses, in this case, were properly joined pursuant to LSA–C.Cr.P. 493. Each offense in this case is necessarily punishable by confinement at hard labor. LSA–R.S. 14:81.1(E)(5)(b); LSA–R.S. 14:81.3(B)(1)(c); LSA–R.S. 14:91.5(C)(1). Therefore, the counts were triable by the same mode of trial. LSA–C.Cr.P. art. 782(A).

 ⌊₈The offenses involved the same victim and were perpetrated within a relatively short time span. The jury was not likely to be confused by the various counts, and the evidence presented in support of the charges could be easily segregated. In denying the motion to sever, the trial court noted that it would instruct the jury regarding evidence of a prior conviction. Accordingly, during voir dire, during the trial, and during the jury instructions before deliberations, the trial court instructed the jury that evidence of a prior conviction was only to be considered in regard to an element on count six and not to infer guilt on any other count. Further, there is nothing in the record to suggest that the State joined the offenses to show the defendant's criminal propensity or that the jury became hostile because of the joinder. Because we do not find that the defendant has shown that he was prejudiced by the joinder of the charges, the trial court did not abuse its discretion in denying the motion to sever. Assignment of error number two lacks merit.

## ASSIGNMENT OF ERROR NUMBER THREE

In the third assignment of error, the defendant argues the trial court erred in denying his motions for mistrial. The defendant notes that, during the closing argument, the State in part made the following remark, "[y]ou need to protect your kids. Send a message to the community with your verdict." The defendant argues that this statement along with other prosecutorial comments during the opening statements and throughout the trial, evidenced the State's intent to poison the jury. The defendant also contends that the State elicited testimony involving other crimes evidence when questioning the defendant's wife on direct examination. The defendant concludes that the jury was unable to fairly view the evidence in this case or hold the State to its burden of proof due

---

**5.** The defendant specifically argues that the fourth and fifth factors are applicable in this case.

to the "inflammatory and prejudicial" effect of the prosecutor's comments.

Louisiana Code of Evidence article 404(B)(1) provides that evidence of other crimes, acts or wrongs is generally not admissible. Louisiana Code of Criminal Procedure article 770 provides that a defendant may move for a mistrial when the judge, district attorney, or a court official makes a remark or comment within the jury or judge's hearing, during the trial or in argument, which directly or indirectly refers to: 1) race, religion, color or national origin, if the remark or comment is not material and relevant and might create prejudice against the defendant in the mind of the jury; 2) another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible; 3) the defendant's failure to testify in his own defense; or 4) the judge's refusal to direct a verdict. Louisiana Code of Criminal Procedure article 771 allows the State or the defendant to request that the court promptly admonish the jury to disregard irrelevant or prejudicial remarks made by the judge, district attorney, or a court official when the remarks are not within the scope of LSA–C.Cr.P. 770, or made by a person other than the judge, district attorney or court official, regardless of whether or not the remark is within the scope of LSA–C.Cr.P. art. 770. The court may grant a mistrial on the defendant's motion if it is satisfied that an admonition is insufficient to assure the defendant a fair trial. LSA–C.Cr.P. art. 771; *State v. Pooler*, 96–1794 (La.App. 1 Cir. 5/9/97), 696 So.2d 22, 48, *writ denied*, 97–1470 (La. 11/14/97), 703 So.2d 1288; *State v. Brown*, 95–0755 (La.App. 1 Cir. 6/28/96), 677 So.2d 1057, 1068. A mistrial under LSA–C.Cr.P. art. 771 is at the trial court's discretion and should be granted only where the witness's or prosecutor's prejudicial remarks make it impossible for the defendant to obtain a fair trial. *State v. Miles*, 98–2396 (La.App. 1 Cir. 6/25/99), 739 So.2d 901, 904, *writ denied*, 99–2249 (La. 1/28/00), 753 So.2d 231.

When a prosecutor deliberately elicits an impermissible reference to another crime from a witness, jurisprudence has held that such is imputable to the State and mandates a mistrial. *State v. Madison*, 345 So.2d 485, 494 (La. 1977); *Miles*, 739 So.2d at 904. However, unsolicited and unresponsive testimony is not chargeable against the State to provide a ground for mandatory reversal of a conviction. A statement is not chargeable to the State solely because it was in direct response to the prosecutor's questioning. Although a prosecutor might have more artfully formulated the question that provoked a witness's response, where the remark was not deliberately obtained by the prosecutor to prejudice the defendant's rights, it is not the basis for a mistrial. *Pooler*, 696 So.2d at 45.

Moreover, other crimes evidence is admissible "when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding." LSA–C.E. art. 404(B)(1). For other crimes evidence to be admissible under the integral act exception (formerly known as res gestae), the evidence must bear such a close relationship with the charged crime that the indictment or information as to the charged crime can fairly be said to have given notice of the other crime evidence as well. *State v. Odenbaugh*, 10–0268 (La. 12/6/11), 82 So.3d 215, 251, *cert. denied*, —— U.S. ——, 133 S.Ct. 410, 184 L.Ed.2d 51 (2012).

The State's opening statement shall explain the nature of the charge and generally set forth the nature of the evidence by which the State expects to prove the charge. LSA–C.Cr.P. art. 766. Closing arguments in criminal cases shall be limited

to the evidence admitted, the lack of evidence, conclusions of fact that may be drawn therefrom, and the law applicable to the case. The argument shall not appeal to prejudice. Rebuttal closing arguments shall be confined to answering the defendant's argument. LSA–C.Cr.P. art. 774. A prosecutor is afforded considerable latitude in making closing arguments. *State v. Sanders*, 93–0001 (La. 11/30/94), 648 So.2d 1272, 1285, *cert. denied*, 517 U.S. 1246, 116 S.Ct. 2504, 135 L.Ed.2d 194 (1996).

A mistrial is a drastic remedy that the trial court should grant only when the defendant suffers such substantial prejudice that he has been deprived of any reasonable expectation of a fair trial. The trial court has sound discretion in determining whether a mistrial should be granted, and its denial of a motion for mistrial will not be disturbed on appeal without abuse of that discretion. *State v. Berry*, 95–1610 (La.App. 1 Cir. 11/8/96), 684 So.2d 439, 449, *writ denied*, 97–0278 (La. 10/10/97), 703 So.2d 603.

### Prosecutorial Remarks During Opening Statement and Closing Arguments

 The defendant notes on appeal that during the State's opening statement, the prosecutor stated, "he is only charged with four, you will see a lot more than four, which could have been additional counts of production of pornography involving a juvenile." The trial court sustained the defense counsel's contemporaneous objection, denied the motion for mistrial, and admonished the jury that the defendant was only charged with four counts of production of pornography involving a juvenile within a period of time.

The prohibition against references to inadmissible other crimes evidence under LSA–C.Cr.P. art. 770 does not include evidence that constitutes an integral part of the crime. *See State v. Morris*, 96–1008 (La.App. 1 Cir. 3/27/97), 691 So.2d 792, *writ denied*, 97–1077 (La. 10/13/97), 703 So.2d 609. In this case, the defendant's acts involving the victim were ongoing. We find that this particular statement referenced evidence that is related and intertwined with the charged offenses to such an extent that the State could not have accurately presented its case without reference to it. Thus, in referencing an integral part of its case necessary to complete the narrative, the State did not violate LSA–C.Cr.P. article 766, which specifically allows the State's opening statement to explain the nature of the evidence by which the State expects to prove the charge.[6]

 The defendant notes that during rebuttal closing argument, the trial court sustained the defendant's objection after the State noted that the victim was five years old when the defendant was court-martialed in the prior offense. The defendant moved for a mistrial, arguing that the State's reference to the prior crime would confuse the issues. The trial court denied the motion for mistrial and re-instructed the jury that evidence of a prior conviction was only to be considered in regard to count six and not to infer guilt on any other count. The reference at issue regarded evidence admitted to prove count six, as opposed to inadmissible evidence of another crime requiring a mandatory mistrial

---

**6.** The Louisiana Supreme Court has left open the question of the applicability of the balancing test of LSA–C.E. art. 403 to integral act evidence admissible under LSA–C.E. art. 404(B)(1). *See State v. Colomb*, 98–2813 (La. 10/1/99), 747 So.2d 1074, 1076 (per curiam). Assuming, arguendo, that the balancing test of LSA–C.E. art. 403 is applicable to integral act evidence, that test was satisfied in this matter. Evidence of the defendant's ongoing communication with the victim was highly probative and unlikely to mislead or cause the jury to confuse the issues.

under LSA–C.Cr.P. art. 770. Further, we disagree with the defendant's argument that the State's remark would confuse the jury. The jury was repeatedly instructed that the evidence of the defendant's prior offense was to be considered only in reference to count six. We find that the trial court's limiting instruction was sufficient such that the remark at issue did not warrant a discretionary mistrial under LSA–C.Cr.P. art. 771.

As to the State's concluding comments in rebuttal closing argument previously quoted herein ("[y]ou need to protect your kids . . ."), we note that the defendant did not object or make a motion for mistrial following the statements. A contemporaneous objection is required to preserve an error for appellate review. LSA–C.Cr.P. art. 841(A). Accordingly, the defendant's complaint regarding this portion of the State's closing argument is not properly before us.

### Other Remarks or Testimony Elicited by the State

The defendant notes that the trial court sustained an additional defense objection when the State, while questioning the victim, used the term "solicit" in contradiction to the trial court's ruling on the defendant's motion in limine. The defendant did not move for a mistrial on this basis. Moreover, the statement did not provide a basis for a mandatory mistrial under LSA–C.Cr.P. art. 770. At the defendant's request, the trial court admonished the jury, informing the jurors that solicitation is a determination for the jury to make. We find that the trial court's admonition was sufficient to avoid any prejudice.

As further noted on appeal, the defendant moved for a mistrial based on a leading question by the State on direct examination of the victim. Specifically, the State asked the victim, "Is that Sharpie, is it similar to the one you were using to masturbate?" The trial court sustained the objection to the leading nature of the question, denied the motion for mistrial, and admonished the jury to disregard the question and answer. While the defendant moved for a mistrial on this basis, the statement did not provide a basis for a mandatory mistrial under LSA–C.Cr.P. art. 770. As noted, a mistrial is a drastic remedy. We find that the trial court was well within its discretion under LSA–C.Cr.P. art. 771 to admonish the jury instead of declaring a mistrial.

The defendant further notes that the trial court sustained the defense objection upon the State's request to let the record show that there was only one "Donald" in the courtroom after the victim referred to the defendant as such. The defendant did not move for a mistrial on this basis, and the statement did not provide a basis for a mandatory mistrial under LSA–C.Cr.P. art. 770. We further note that the State was attempting to have the victim's identification of the defendant noted in the record. While the trial court sustained the defendant's objection and admonished the jury, we find that the remark at issue was not irrelevant or of such a nature that it might create prejudice in the mind of the jury. Thus, the State did not violate LSA–C.Cr.P. art. 771 in this regard.

As further noted, another defense objection was sustained when the State asked the victim if she felt threatened, and she noted that the defendant would sometimes yell at her. As the defense pointed out, the State did not present evidence of phone conversations but rather that text messages were involved. Nonetheless, the defendant did not move for a mistrial or request an admonition in this regard and thanked the trial court after the objection

was sustained. Accordingly, he cannot now complain of any error regarding the question. *See State v. Cager*, 97–1877 (La.App. 4 Cir. 3/24/99), 732 So.2d 97, 105, *writ denied*, 99–1161 (La. 10/1/99), 748 So.2d 433. Further, the elicited statement did not provide a basis for a mandatory mistrial under LSA–C.Cr.P. art. 770, nor do we find the victim's statement improper, irrelevant, or prejudicial.

 Finally, the defendant notes on appeal that the trial court sustained objections when the State asked the defendant's wife, Sheri Murphy, if she was surprised by the instant charges. When the State further asked Mrs. Murphy if she saw the defendant's phone prior to his arrest, Mrs. Murphy indicated that she saw a picture of an older woman's vagina and a picture of her daughter in her school uniform on the defendant's phone. The trial court admonished the jury to not consider any other crimes evidence for which the defendant was not on trial, but denied the motion for mistrial. Although LSA–C.Cr.P. art. 770 is couched in mandatory terms, it is a "rule for trial procedure." *State v. Johnson*, 94–1379 (La. 11/27/95), 664 So.2d 94, 101. Accordingly, the introduction of inadmissible "other crimes" evidence results in a trial error subject to harmless error analysis on appeal. *Odenbaugh*, 82 So.3d at 251. Thus, even if we were to determine that the State deliberately elicited impermissible other crimes evidence in this regard, such would not end our inquiry. The test for determining whether an error is harmless is whether the verdict actually rendered in this case was surely unattributable to the error. *See Sullivan v. Louisiana*, 508 U.S. 275, 279, 113 S.Ct. 2078, 2081, 124 L.Ed.2d 182 (1993). The pertinent inquiry is not whether, in a trial that occurred without the error, a guilty verdict would surely have been rendered, but whether, the guilty verdict actually rendered in this trial was surely unattributable to the error. *Id.*; *State v. Johnson*, 94–1379 (La. 11/27/95), 664 So.2d 94, 100. We note that the evidence in this case included the defendant's recorded confession. We are convinced that the verdicts actually rendered in this case were surely unattributable to any error in the admission of the above referenced testimony.

 We note that the prosecutor's continuous inappropriate comments and unprofessional conduct after multiple warnings from the trial court were iniquitous and certainly merit reprimand. But, even when the prosecutor's statements and actions are excessive and improper, credit should be given to the good sense and fair-mindedness of the jurors who have seen the evidence and heard the arguments. *State v. Bridgewater*, 00–1529 (La. 1/15/02), 823 So.2d 877, 902, *cert. denied*, 537 U.S. 1227, 123 S.Ct. 1266, 154 L.Ed.2d 1089 (2003). The touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor. *State v. Ortiz*, 11–2799 (La. 1/29/13), 110 So.3d 1029, 1034, *cert. denied sub nom, Ortiz v. Louisiana*, —— U.S. ——, 134 S.Ct. 174, 187 L.Ed.2d 42 (2013). Consequently, the aim of due process is not punishment of society for the misdeeds of the prosecutor, but avoidance of an unfair trial to the accused. *State v. Ortiz*, 11–2799 (La. 1/29/13), 110 So.3d 1029, 1034. While a prosecutor should prosecute with "earnestness and vigor" and "may strike hard blows, he is not at liberty to strike foul ones." *State v. Tassin*, 11–1144 (La.App. 5 Cir. 12/19/13), 129 So.3d 1235, 1249, *writs denied*, 14–0284, 14–0287 (La. 9/19/14), 148 So.3d 950 (quoting *Berger v. United States*, 295 U.S. 78, 88, 55 S.Ct. 629, 633, 79 L.Ed. 1314 (1935)). The prosecutor's behavior during the trial caused some consternation to the judge and exceeded the

limits of proper conduct. The trial judge had to continually admonish the jury.

In this case, there was overwhelming evidence of defendant's guilt, including his own confession; the documentary evidence of hundreds of reprehensible, licentious communications showing his sexual manipulation of a child victim; the victim's testimony; as well as the trial court's repeated admonitions to the jury. Thus, we conclude the drastic remedy of a mistrial was not warranted in this case. Considering the foregoing conclusions, assignment of error number three is without merit.

## ASSIGNMENT OF ERROR NUMBER FOUR

In his final assignment of error, the defendant argues the trial court failed to specify which counts were being enhanced in this case. The defendant also argues that the sentences are indeterminate and that the trial court did not impose separate sentences on the counts. The defendant notes his general objection to the sentences and contends that the sentences should be vacated and the case remanded to the trial court for clarification as to which count is being enhanced and for the imposition of separate sentences.

Louisiana Code of Criminal Procedure articles 871 and 879 authorize a sentence upon a plea or verdict of guilty, or upon a judgment of guilt, and require that a sentence be "determinate." Louisiana Revised Statute 15:529.1(A) also requires that the enhanced penalty be determined by the number of the new felony conviction: second, third, fourth, and subsequent felonies. If a court fails to impose a sentence for each conviction of two or more convictions or fails to specify which of the sentences is being enhanced under the statute, the sentence or sentences are set aside and defendant is remanded for resentencing as the law directs. *See State v.*

*Parker,* 593 So.2d 414, 416 (La. App. 1 Cir. 1991).

At the outset we note that in this case the State's habitual offender bill of information indicates that the State was seeking to enhance all four of the defendant's convictions for production of pornography involving juveniles. Secondly, at the hearing, after adjudicating the defendant a second-felony offender, the trial court specifically stated that the adjudication was to counts one through four. While the trial court ordered that the sentences be served concurrently, on each of the counts one through four, the trial court imposed separate ninety-nine year sentences and further imposed a separate sentence of ten years imprisonment on count five. Thus, we find no merit to the arguments raised in assignment of error number four.

## CONVICTIONS AND SENTENCES AFFIRMED.