STATE OF LOUISIANA

VERSUS

ROY R. DIXON

NO. 19-KA-7

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 13-569, DIVISION "N"
HONORABLE STEPHEN D. ENRIGHT, JR., JUDGE PRESIDING

December 30, 2019

**HANS J. LILJEBERG**
**JUDGE**

Panel composed of Judges Stephen J. Windhorst,
Hans J. Liljeberg, and Timothy S. Marcel, Pro Tempore

**<u>AFFIRMED</u>**
    **HJL**
    **SJW**
    **TSM**

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
 Honorable Paul D. Connick, Jr.
 Terry M. Boudreaux
 Andrea F. Long

COUNSEL FOR DEFENDANT/APPELLANT,
ROY R. DIXON
 Prentice L. White

**LILJEBERG, J.**

Defendant, Roy Dixon, seeks review of his sentences for one count of production of child pornography involving a juvenile under the age of thirteen and two counts of sexual battery upon a juvenile under the age of thirteen. For the reasons stated more fully below, we affirm defendant's sentences.

## PROCEDURAL BACKGROUND

On March 26, 2013, defendant was charged by bill of information with one count of production of pornography involving a juvenile under the age of seventeen in violation of La. R.S. 14:81.1 (count one) and with two counts of sexual battery upon a juvenile under the age of thirteen in violation of La. R.S. 14:43.1 (counts two and three). Defendant pled not guilty on all counts on April 15, 2013. On May 15, 2017, the State amended the bill of information to correct the offense in count one to production of pornography involving a juvenile under the age of thirteen. On May 16, 2017, a twelve-person jury found defendant guilty on all counts.

On August 24, 2017, the trial court sentenced defendant to 20 years imprisonment at hard labor on count one and 99 years imprisonment at hard labor each on counts two and three, with all counts to be served concurrently and without the benefit of parole, probation or suspension of sentence. The defendant's timely filed motion to reconsider sentence was denied.

In his first appeal, defendant argued, *inter alia*, that the trial court erred by imposing excessive sentences on all three counts. In *State v. Dixon*, 18-79 (La. App. 5 Cir. 8/29/18), 254 So.3d at 837-41, this Court found that defendant's 99-year sentences imposed for his two convictions for sexual battery of a juvenile under the age of thirteen were constitutionally excessive. This Court vacated defendant's sentences on counts two and three and pursuant to La. C.Cr.P. art.

881.4, suggested sentences of 35 to 40 years imprisonment at hard labor to run concurrently with count one. *Id.* at 841. This Court also determined that defendant's sentence for his conviction for production of pornography involving a juvenile under thirteen was illegally lenient. La. R.S. 14:81.1(E)(5)(b) provides that offenders over the age of seventeen who produce pornography involving juveniles under the age of thirteen shall be imprisoned at hard labor for not less than 25 years nor more than 99 years, with at least 25 years without the benefit of parole, probation or suspension of sentence.[1] Therefore, this Court vacated the sentence imposed on count one, and pursuant to La. C.Cr.P. art. 881.4, recommended a sentence of 35 to 40 years imprisonment at hard labor to run concurrent with the other two counts. The matter was remanded to the trial court for resentencing on all counts. *Id.*

On October 18, 2018, the trial court resentenced defendant to imprisonment at hard labor for 80 years each on counts one, two, and three to run concurrently, without the benefit of parole, probation, or suspension of sentence. Defendant objected to the sentences as excessive. On October 23, 2018, defendant filed a motion for reconsideration of sentence, which the trial court denied on November 29, 2018. On October 24, 2018, defendant filed a timely motion for appeal, which the trial court granted.

## FACTS

We reiterate the facts as stated in our previous opinion. Defendant was often the caretaker of his two-year old sister, L.D.,[2] when his mother, C.D., worked. On January 26, 2013, while watching L.D., defendant invited Rayan

---

[1] It appears from the record that the trial court mistakenly sentenced defendant pursuant to La. R.S. 14:81.1(4)(a), which provides that a person engaging in the production of pornography shall be imprisoned at hard labor for not less than 10 years nor more than twenty years, without the benefit of parole, probation or suspension of sentence. La. R.S. 14:81.1(5)(b), which is applicable to count one in this matter, provides for enhanced sentencing when the offender is over the age of seventeen and the victim is under the age of thirteen.

[2] To preserve the confidentiality of the minor victim's identity in this case, the victim, the victim's family members, and other related witnesses will be referred to by their initials. La. R.S. 46:1844(W).

Badeaux, a man he met on the Internet, to his house located at 1402 Hancock Street in Gretna, where defendant engaged in sexual intercourse with Mr. Badeaux. Afterwards, defendant left the room to check on L.D. While defendant was out of the room, Mr. Badeaux looked through defendant's cell phone and located a video of a young toddler and an adult male who was touching the toddler's vagina. Mr. Badeaux immediately left defendant's house with defendant's cell phone and went to the New Orleans Police Department's (NOPD) Fourth District Station in New Orleans. Because the aforesaid residence is located in the City of Gretna, the Gretna Police Department was contacted regarding the pornographic video on the cell phone.

Detective Jeffrey Laborie[3] with the Gretna Police Department met Mr. Badeaux at the NOPD and obtained the cell phone from him. Mr. Badeaux showed Detective Laborie one video of a small female toddler, approximately one or two years old, with a pacifier in her mouth. The video showed a female toddler who was unclothed, and an adult man's hand touching her vagina. Detective Laborie testified that he believed, based on experience, that there was additional contraband on the cell phone.

During his investigation, Detective Laborie developed a potential suspect, "Allen," and went to 1402 Hancock Street where he spoke with C.D. about the cell phone and the number associated with it. C.D. told him that the cell phone belonged to her son, Roy, not "Allen." C.D. stated that she confronted defendant about videos on his phone, and told defendant that he was no longer welcome at her house. At that point, defendant became the potential suspect. While speaking with C.D., defendant approached the residence on his bicycle. Detective Laborie noticed that defendant was wearing the same clothing and matched the description he was previously given. Based on his corroborated observation, Detective

---

[3] Detective Laborie testified that he was a patrol officer at the time of the incident.

Laborie approached defendant.  Defendant appeared upset and was crying.

Defendant spontaneously stated that he wanted to tell his side of the story.

Detective Laborie transported defendant to the police station and placed him in a

holding cell.  While defendant was in the holding cell, Detective Laborie wrote his

report in a nearby room equipped with a monitor which allowed him to view and

hear defendant.  Detective Laborie overheard defendant crying and saying to

himself, "I'm so stupid.  I can't believe I did that.  I'm so lazy.  I should have

deleted those files.  I lost my family.  I will never be able to make up for this."

Detective Laborie transcribed this statement "word for word" into his report as

defendant was talking.  At that point, Detective Laborie turned over his

investigation to Sgt. Lewis Alvarez, who was a detective at the time.

Before interviewing defendant, Sgt. Alvarez obtained a search warrant for

defendant's cell phone, on which three videos were found.  Sgt. Alvarez stated that

it was too dark to see anything on the first video.  The second video depicted a

black adult male's penis ejaculating on a toddler's vagina.  The third video showed

a black adult male's hand "playing with [toddler's] vagina."  Sgt. Alvarez testified

that he believed that there was more contraband on the phone, and he brought

defendant from the holding cell to interview him.  After being advised of his

*Miranda*[4] rights, defendant agreed to voluntarily give a recorded statement.  In his

statement, defendant admitted to "sexting" "Brad Howard,"[5] who asked him about

his family.  Defendant told Brad about his sister, L.D., and her age.  Brad wanted

defendant to touch L.D.'s vagina and ejaculate on her on video, and to send the

videos to him.  Although defendant initially refused, defendant stated that he did

take the videos of L.D. as Brad requested.  Defendant stated that he "knew it was

---

[4] *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966).

[5] Sgt. Alvarez testified that they subsequently learned that defendant was referring to Brad Case, not "Brad Howard," who pled guilty to distribution of child pornography in April 2013.

wrong" but he wanted to keep communicating with Brad, and believed that if he did as requested, Brad would continue sending him photographs and videos of himself. Defendant stated that one video depicted him rubbing the outside of L.D.'s vagina with his finger. In a third video, he was rubbing L.D.'s vagina, but the lighting was too dark. He stated that he did not "insert" his finger into her vagina. Defendant also stated he took a video of himself ejaculating on L.D. Both videos were done in his mom's house located 1402 Hancock Street while he was changing L.D.'s diaper, and were sent to Brad. After further questioning, defendant also admitted to taking and sending approximately ten pornographic photographs of L.D.'s vagina to Brad, including one in which defendant inserted a Q-tip into L.D.'s vagina.

When defendant was asked if he inserted his penis into L.D., defendant stated emphatically that he "never" put his penis in her vagina or anus, and "never" licked either. Defendant stated that he knew what he did was not right because L.D. could not protect herself, but stated that he did not hurt her. Defendant stated that he was "in jail because of the stuff that was on my memory card that I thought I deleted."

After his statement, defendant was placed under arrest. Sgt. Alvarez went to 1402 Hancock Street to locate L.D. and meet with C.D. He observed a toddler that was one or two years old, and learned that L.D. was born February 20, 2011, which corroborated what he was told by defendant.[6]

## DISCUSSION

The sole assignment of error on appeal is whether the reduced 80-year sentences imposed for each of the three counts is constitutionally excessive.

---

[6] Sgt. Alvarez obtained another search warrant for the Samsung cell phone requesting a "dump of the phone." A search warrant was also obtained for 1402 Hancock Street for any additional electronic devices belonging to defendant. A laptop was located in defendant's bedroom and a search warrant was obtained for its contents. The Samsung cell phone and laptop were sent to the digital forensics unit.

Defendant contends this Court already indicated he was not the worst of all possible offenders, and therefore, such high sentences are not warranted. He argues that no physical harm was done to the victim, and she did not sustain psychological pain as a child that young would not recall the incident. He also argues that the pornographic images of the child were only sent to one person and were not widely distributed. He also notes his lack of a prior criminal record. Defendant argues that while it may appear the trial court adhered to this Court's instruction by reducing defendant's sentences by almost 20 years, the 80-year concurrent sentences are still constitutionally excessive and the trial court abused its discretion.

Both now and at the time defendant committed the crimes of production of child pornography involving a juvenile under the age of thirteen (La. R.S. 14:81.1(5)(b)) and sexual battery upon a juvenile under the age of thirteen (La. R.S. 43.1(C)(2)), the sentencing ranges provided by both provisions were not less than 25 years nor more than 99 years imprisonment at hard labor, with at least 25 years without the benefit of parole, probation or suspension of sentence.

The Eighth Amendment of the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. A sentence is considered excessive, even if it is within the statutory limits, if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. *State v. Horne*, 11-204 (La. App. 5 Cir. 2/14/12), 88 So.3d 562, 569, *writ denied*, 12-556 (La. 6/1/12), 90 So.3d 437.

A trial court has vast discretion in determining and imposing a sentence within statutory limits. *State v. Williams*, 03-3514 (La. 12/13/04), 893 So.2d 7, 16-17. An appellate court cannot set aside a sentence as excessive absent a manifest abuse of discretion. *Id.* The only relevant question on appeal is whether the trial

court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Soraparu*, 97-1027 (La. 10/13/97), 703 So.2d 608. The appellate court should not set aside a sentence for excessiveness if the record supports the sentence imposed. *State v. Pearson*, 07-332, 07-333, 07-539 (La. App. 5 Cir. 12/27/07), 975 So.2d 646, 656.

While a trial court has wide discretion, a sentence within statutory limits may nonetheless be excessive. *State v. Sepulvado*, 367 So.2d 762, 767 (La. 1979). In determining whether a sentence is excessive, an appellate court considers: (1) the nature of the crime; (2) the nature and background of the offender; and the sentences imposed for similar crimes by the same and other courts. *State v. Le*, 98-1274 (La. App. 5 Cir. 06/30/99), 738 So.2d 168, 171, *writ denied*, 00-2174 (La. 04/12/01), 789 So.2d 587.

Generally, maximum sentences are reserved for cases involving the most serious violations of the offense charged and the worst type of offender. *Pearson*, 975 So.2d at 656. This Court, however, has recognized that a maximum or near maximum sentence for sexual battery of a minor may not be excessive if a defendant exploits a position of trust to commit the crime. *State v. Wilmot*, 13-994 (La. App. 5 Cir. 05/14/14), 142 So.3d 141, 149 (*citing State v. Badeaux*, 01-406 (La. App. 5 Cir. 09/25/01), 798 So.2d 234, *writ denied*, 01-2965 (La. 10/14/02), 827 So.2d 414).

Furthermore, though similar cases discussing sentencing for violations of La. 14:81.1(5)(b), production of pornography involving a juvenile under thirteen, are limited, in *State v. Murphy*, 16-901 (La. App. 1 Cir. 10/28/16), 206 So.3d 219, the First Circuit sentenced the defendant to 99 years imprisonment at hard labor to run concurrently on four counts of production of pornography of a juvenile under thirteen. The defendant was sentenced as a second-felony offender due to a prior conviction for receiving child pornography on 2008 while

he was in the military. The charges arose from defendant's communications with a twelve-year old victim on the internet. Defendant convinced the victim to send sexually graphic photographs and videos of herself committing acts as instructed by the defendant.

In the present matter, the trial court provided extensive reasons for the sentences it imposed. At the first sentencing hearing held on August 24, 2017, the trial court noted the disturbing acts defendant committed on his two-year old sister. The trial court explained that it ordered a pre-sentencing investigation and the sentencing report indicated that defendant continued to insist he did not commit sexual battery on his sister and failed to take responsibility for his actions. The trial court indicated that it imposed the maximum sentence because it feared that defendant would offend again if he was ever released from prison.

At the hearing on the motion to reconsider sentence, defense counsel argued that defendant made a horrible mistake by committing these offenses and was a child trying to impress another predator who corrupted defendant. The trial court noted in response that defendant was not a child as he was 21 years old at the time he committed these horrific offenses against his two-year old sister. The trial court again stated that after viewing the videos and hearing defendant's confession at trial, it was "absolutely convinced if [defendant] is given a chance to be out of incarceration he will reoffend," and that its motive for imposing maximum sentences was to protect the public.

Following remand for resentencing by this Court, the trial court conducted a second sentencing hearing on October 18, 2018. During that hearing the trial court provided additional reasons to support his finding that defendant was the worst of offenders warranting a maximum sentence. The trial court focused primarily on the defendant's abuse of the position of authority entrusted to him when he committed acts of sexual battery on his two-year sister and used her to

create child pornography. The trial court noted that when he committed these crime, defendant was supposed to be babysitting his sister while their mother went to work to earn a living to support the family. The trial court believed defendant abused his authority over his sister in the worst way possible.

The trial court further explained that he offered defendant a lesser sentence prior to trial to avoid subjecting the jurors and others to watching the disturbing videos and photographs produced by defendant while committing acts of sexual battery on his sister. The trial court stated that after making that offer, the additional evidence and testimony he saw during the trial convinced the trial court that a maximum sentence was necessary to protect the public. In particular, the trial court explained that one of the videos showed the child crying and attempting to crawl away from defendant while he committed disgusting acts on her and dragged her back into the view of the camera.

After considering the suggestions provided by the prior panel of this Court in *Dixon*, *supra*, however, the trial court did not impose the maximum sentences, but rather reduced relator's sentences on the two counts of sexual battery upon a juvenile under thirteen by 19 years, and sentenced defendant to a concurrent 80-year sentence on the production of pornography count.

The question before this Court is whether the 80-year sentences imposed by the trial court are unconstitutionally excessive. We recognize that a prior panel of this Court suggested that concurrent sentences of 35 to 40 year imprisonment at hard labor on each count would be the longest sentences that would not be constitutionally excessive. *Dixon,* 254 So.3d at 841. In reaching this conclusion, the prior panel relied primarily on the absence of other reported cases imposing maximum sentences for defendants with no prior felony record or where the abuse did not occur over a long period of time. *Id*. at 837-41. However, following the second sentencing hearing, the trial court provided

additional reasons, including the defendant's exploitation of his position of trust and authority over his two-year old sister, for declining to follow the prior panels' recommendations regarding sentencing. The trial court also reduced the maximum sentences imposed by almost twenty years.

As explained above, this Court has recognized that maximum or near maximum sentences may be warranted in sexual battery cases where a defendant exploits a position of trust. *Wilmot, supra.* We agree with the trial court that the crimes committed by defendant represent an extreme betrayal of his position of trust and authority. Defendant committed disgusting sexual acts on his two-year old sister, who was entrusted to his care and completely helpless to defend herself. He used his sister to produce child pornography by taking photographs and videos of these acts to share with a man he was "sexting." Defendant was willing to commit these disturbing crimes so that this man would continue to communicate with him and send pictures and videos of himself to defendant. Defendant attempts to diminish the severity of his crimes by arguing his sister was not physically harmed and will not remember the incident. However, he fails to recognize the harm he has done to his family and the harm he could have done to his sister if the photographs and videos were shared and distributed.

Considering defendant's extreme violation of the trust and authority placed in him to care for the victim, his two-year old sister, we find that the reduced sentences of 80 years of imprisonment at hard labor imposed by the trial court with respect to the two counts of sexual battery upon a juvenile under thirteen, as well as the sentence of 80 years of imprisonment at hard labor for the one count of production of pornography involving a juvenile under thirteen, are not unconstitutionally excessive and did not constitute a manifest abuse of the trial court's discretion.

## DECREE

Accordingly, for the foregoing reasons, this Court affirms defendant's sentences.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**DECEMBER 30, 2019** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 19-KA-7

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE STEPHEN D. ENRIGHT, JR. (DISTRICT JUDGE)
TERRY M. BOUDREAUX (APPELLEE)        PRENTICE L. WHITE (APPELLANT)        ANDREA F. LONG (APPELLEE)
THOMAS J. BUTLER (APPELLEE)

**MAILED**
HON. PAUL D. CONNICK, JR. (APPELLEE)
DISTRICT ATTORNEY
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053