## NOT FOR PUBLICATION

### STATE OF LOUISIANA

### COURT OF APPEAL

### FIRST CIRCUIT

\* \* \* \* \* \* \*

### 2023 KA 0088

### STATE OF LOUISIANA

### VERSUS

### JOHNNY MITCHELL SKIPPER

JUDGMENT RENDERED: **SEP 1 5 2023**

\* \* \* \* \* \* \*

Appealed from The Twenty-First Judicial District Court
Parish of Livingston • State of Louisiana
Docket Number 42,074 • Division E

The Honorable Brenda Bedsole Ricks, Presiding Judge

\* \* \* \* \* \* \*

Bertha M. Hillman
*Louisiana Appellate Project*
Covington, Louisiana

COUNSEL FOR APPELLANT
DEFENDANT—Johnny Mitchell
Skipper


Scott M. Perrilloux
*District Attorney*
Brett Sommer
*Assistant District Attorney*
Amite, Louisiana

COUNSEL FOR APPELLEE
State of Louisiana

\* \* \* \* \* \* \*

**BEFORE: WELCH, HOLDRIDGE, AND WOLFE, JJ.**

Wolfe, J. concurs in part and dissents in part, with reasons.

**WELCH, J.**

The State of Louisiana charged the defendant, Johnny Mitchell Skipper, by amended bill of information with two counts of indecent behavior with a juvenile, violations of La. R.S. 14:81(A)(2), and one count of obstruction of justice, a violation of La. R.S. 14:130.1.[1] The defendant entered a plea of not guilty. Following a trial by jury, the jury found the defendant guilty as charged on all counts. The defendant filed a motion in arrest of judgment, motion for new trial, and motion for post-verdict judgment of acquittal. Following a hearing, the trial court denied all three motions.

The trial court sentenced the defendant to seven years at hard labor on each count of indecent behavior with a juvenile (counts one and two), and five years at hard labor for obstruction of justice (count three), and ordered all sentences to run consecutively to one another, without benefit of parole, probation, or suspension of sentence. After his adjudication as a fourth-felony habitual offender, the trial court vacated the defendant's original sentences and sentenced the defendant to life imprisonment.

The defendant now appeals, alleging that his enhanced sentence is unconstitutionally excessive. The defendant also argues that the record contains patent errors affecting his substantial rights. For the following reasons, we vacate the defendant's original sentences and his enhanced sentence, and we remand this matter to the trial court for resentencing, with instructions.

---

[1] The State of Louisiana originally charged the defendant by bill of information with two counts of computer-aided solicitation of a minor, violations of La. R.S. 14:81.3, and one count of obstruction of justice, a violation of La. R.S. 14:130.1. The bill of information was amended on or about February 14, 2022, changing counts one and two to two counts of indecent behavior with a juvenile, violations of La. R.S. 14:81(A)(2), and keeping count three, obstruction of justice, a violation of La. R.S. 14:130.1, unchanged.

## FACTS

On September 30, 2020, while incarcerated in the Livingston Parish Detention Center ("LPDC") on unrelated charges, the defendant and A.M.[2] spoke via a video call through the LPDC's communication system for inmates. A.M. is a female friend of one of the defendant's cousins. During this call, A.M. admitted to the defendant that she was only sixteen years old, despite previously telling him that she was older.[3] At this point in the conversation, the defendant became agitated, walked away from the tablet, and ended the call. Shortly thereafter, they spoke on another video call and again discussed A.M.'s age.

Then, on October 6, 2020, the defendant talked to A.M. via a video call using another inmate's account. During this call, the defendant repeatedly asked A.M. to expose herself to him. A.M. refused the defendant's requests many times, but ultimately exposed one of her breasts to him.

On October 9, 2020, the defendant and A.M. spoke again via a video call through yet another inmate's account. During this call, the defendant again asked A.M. to expose herself to him numerous times. Despite telling him no at first, she eventually exposed her entire chest to him. After this, the defendant told A.M. to show him her vagina, and tried to explain to her how she could do so without other people seeing. A.M. refused, and the defendant repeatedly called her a "[p*ssy]" and told her to "stop playing."

Detective Steven Lovett with the Livingston Parish Sheriff's Office testified that he was investigating the defendant. While monitoring the defendant's communications, Detective Lovett came across the defendant's conversations with A.M. and, based on the content of the videos, obtained an arrest warrant for the

---

[2] In accordance with La. R.S. 46:1844(W), the victim, who is a minor, will be referred to by her initials to protect her identity.

[3] A.M.'s date of birth is July 26, 2004. The defendant was twenty-four years old at the time of these communications with A.M.

defendant for two counts of computer-aided solicitation of a minor, violations of La. R.S. 14:81.3. The defendant was arrested and re-booked into the LPDC on November 12, 2020. He again spoke to A.M. on the video call system on November 24, 2020, and tried to convince her to disregard any "court summons" and refuse to appear in court because as long as she did not appear in court, he would be able to go home.

After a jury trial, the jury found the defendant guilty as charged on the amended bill of information, of two counts of indecent behavior with a juvenile, violations of La. R.S. 14:81(A)(2), and one count of obstruction of justice, a violation of La. R.S. 14:130.1. The trial court sentenced him to seven years at hard labor on both counts of indecent behavior with a juvenile and five years at hard labor for the obstruction of justice count, and ordered all sentences to run consecutively to one another, without benefit of probation, parole, or suspension of sentence. After the State filed a multiple offender bill of information, the trial court adjudicated the defendant a fourth-felony offender, vacated his original sentences, and sentenced the defendant to life imprisonment.

## ERRORS PATENT REVIEW

Under the authority of La. C.Cr.P. art. 920(2), this Court routinely reviews appellate records for patent error. **State v. Sylve**, 2022-1104 (La. App. 1st Cir. 2/24/23), 2023 WL 2198829, *3 (unpublished). A patent error is one that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence. La. C.Cr.P. art. 920(2). Our review of the record reveals two patent errors: (1) the trial court prematurely granted the defendant's motion for appeal and, thus, was divested of jurisdiction; and (2) after the defendant was adjudicated a fourth-felony habitual offender, the trial court failed to provide a sentence as to each conviction, *i.e.*, the trial court failed to specify which sentence or sentences were being enhanced.

4

Additionally, the defendant's brief on appeal alleges two patent errors, namely: (1) the notice of appeal was prematurely filed and signed prior to sentencing and prior to the habitual offender proceeding; and (2) neither the minute entry nor the transcript of the habitual offender proceeding indicate which sentence was vacated by the trial court, and the trial court did not provide written reasons for its determination.

The defendant was convicted on May 17, 2022. On May 25, 2022, the defendant filed a motion in arrest of judgment, motion for new trial, and motion for post-verdict judgment of acquittal (collectively, "post-trial motions"), which were all set for hearing on June 15, 2022. Following the hearing, the trial court denied all three motions. The defendant also filed a motion for appeal on May 25, 2022, and the trial court granted the motion for appeal on June 1, 2022, prior to the June 15, 2022 hearing on the post-trial motions and the defendant's sentencing.[4] The trial court issued a notice of appeal on June 6, 2022.

## Premature Appeal

It is well-settled that a defendant can appeal from a final judgment of conviction only where a sentence has been imposed. La. C.Cr.P. art. 912(C)(1); **State v. Chapman**, 471 So.2d 716 (La. 1985) (*per curiam*); **State v. Morgan**, 2020-1327 (La. App. 1st Cir. 10/8/21), 2021 WL 4704796, *2 (unpublished), writ denied, 2021-01923 (La. 2/22/22), 333 So.3d 444. Moreover, pursuant to La. C.Cr.P. art. 916, the trial court is divested of jurisdiction upon the entering of the order of appeal. Once the trial court is divested of jurisdiction, it may take only certain specified actions, none of which include ruling on post-trial motions or imposing a sentence. See La. C.Cr.P. art. 916; **State v. Woods**, 2019-200 (La. App. 5th Cir. 12/26/19), 288 So.3d 256, 258. Thus, after the trial court granted the defendant's motion for appeal

---

[4] In accordance with La. C.Cr.P. art. 873, the defendant waived the sentencing delays.

on June 1, 2022, the trial court was divested of jurisdiction to rule on the defendant's post-trial motions or to impose a sentence.

However, the trial court's denial of the defendant's post-trial motions is not at issue in the instant appeal; in fact, the defendant does not challenge his convictions, only his habitual offender sentence. Thus, we find that the denial of the defendant's post-trial motions after the trial court was divested of jurisdiction was harmless error where the defendant does not challenge the denial or substance of these motions on appeal. See State v. Robinson, 98-0005 (La. App. 4th Cir. 9/29/99), 743 So.2d 814, 815-16.[5] Cf. Woods, 288 So.3d at 259 (remand is proper when the trial court was already divested of jurisdiction at the time it denied the defendant's motion for new trial, the substance of which he then raised on appeal.); and Cf. State v. Johnson, 2013-75 (La. App. 5th Cir. 10/9/13), 128 So.3d 325, 329.

## Original Sentencing Error

In this case, the trial court sentenced the defendant after it signed the order of appeal and no longer had jurisdiction to impose a sentence. While a defendant may only appeal from a final judgment of conviction where a sentence has been imposed, see La. C.Cr.P. art. 912(C)(1), the jurisprudence holds that when a sentence has been imposed after a motion for appeal has been granted, the appeal will not be dismissed where doing so would simply result in a delay of the appellate process and hinder the defendant's right to appeal. See State v. Lampkin, 2012-391 (La. App. 5th Cir. 5/16/13), 119 So.3d 158, 162, writ denied, 2013-2303 (La. 5/23/14), 140 So.3d 717; State v. Brooks, 93-1767 (La. App. 4th Cir. 2/25/94), 633 So.2d 816, 818, writ denied, 94-1939 (La. 9/3/96), 678 So.2d 548. See also State v. Jackson, 2015-1710 (La. App. 1st Cir. 4/15/16), 2016 WL 1535170, *3 n.1 (unpublished). As will be

---

[5] While the motion for new trial in **Robinson** was also untimely filed after an order of appeal had been signed, this does not alter the premise that the improper denial of a post-trial motion after the trial court was divested of jurisdiction is harmless when the substance of the motions is not the subject of the appeal.

discussed more fully below, we are vacating the defendant's enhanced sentence and remanding for resentencing. Thus, to also vacate and remand the defendant's original sentences will cause no delay to the appellate process, nor hinder the defendant's right to appeal. We further note that although the trial court vacated the defendant's original sentences upon his adjudication as a fourth-felony habitual offender and imposition of an enhanced sentence, the trial court did not have jurisdiction to do so because the motion for appeal had been granted and the order of appeal had already been signed. Accordingly, we vacate the defendant's original sentences and remand this matter on the basis that the trial court imposed the defendant's original sentences after the trial court was divested of jurisdiction.

## Enhanced Sentencing Error

Although the trial court was divested of jurisdiction once the order of appeal was signed, the Louisiana Code of Criminal Procedure specifically provides that the trial court may impose a habitual offender sentence after an appeal is granted without affecting the jurisdiction of the court of appeal. See La. C.Cr.P. art. 916(8). Nonetheless, there is an error with respect to the defendant's enhanced sentence. The defendant was found guilty of two counts of indecent behavior with a juvenile and one count of obstruction of justice. However, the habitual offender pleadings and amended bill of information fail to specify which of the defendant's convictions were being enhanced. Likewise, at the habitual offender sentencing hearing, neither the trial court nor the prosecutor identified which convictions were being enhanced. The minutes and transcript also do not reflect which convictions were enhanced, while the amended commitment order suggests that all three convictions were enhanced to life sentences. At the hearing, the trial court merely stated that: "The Court will vacate the sentence and impose the sentence of life imprisonment." The minutes also state: "The Court vacated the previous sentence and imposed a life sentence with the Department of Corrections at hard labor." Thus, it is unclear

7

whether the trial court imposed an enhanced sentence as to all or a portion of the defendant's convictions.

If the trial court imposed enhanced sentences as to all of the defendant's convictions, then the defendant's convictions for two counts of indecent behavior with a juvenile and one count of obstruction of justice require the imposition of three separate sentences. A sentencing error occurs when a trial court, in sentencing for multiple counts, does not impose a separate sentence for each count. **State v. Mayo,** 2012-0707 (La. App. 1st Cir. 6/7/13), 2013 WL 2490361, *1 (unpublished). If a court fails to impose a sentence for each of two or more convictions, or fails to specify which of the sentences is being enhanced under the habitual offender statute, the sentence or sentences must be set aside and the matter remanded for the defendant to be resentenced. **State v. Murphy,** 2016-0901 (La. App. 1st Cir. 10/28/16), 206 So.3d 219, 232.

## CONCLUSION

In the absence of valid sentences, the defendant's appeal is not properly before this court. Therefore, we do not consider the defendant's assignments of error, as this appeal is not properly before the court. We vacate the defendant's original sentences imposed by the trial court, as the trial court was divested of jurisdiction to impose those sentences since the motion for appeal had been granted and the order of appeal had been signed, and we remand the matter to the trial court for resentencing.

We likewise vacate the incorrect enhanced sentence imposed by the trial court, and we remand the matter to the trial court for resentencing, with instructions that the trial court impose a separate enhanced sentence or sentences for each conviction. We further order the trial court to specifically provide which sentences are being enhanced pursuant to the defendant's adjudication as a habitual offender. After resentencing, the defendant may perfect a new appeal if he so chooses.

## DECREE

**ORIGINAL SENTENCES AND ENHANCED SENTENCE VACATED; REMANDED FOR RESENTENCING WITH INSTRUCTIONS.**

STATE OF LOUISIANA

VERSUS

JOHNNY MITCHELL SKIPPER

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2023 KA 0088

**WOLFE, J., concurring in part and dissenting in part.**

I concur in vacating the defendant's habitual offender sentence due to the trial court's failure to specify the sentence being enhanced. See **State v. Murphy**, 2016-0901 (La. App. 1st Cir. 10/28/16), 206 So.3d 219, 232. Although the trial court erred procedurally by signing the order of appeal before imposing the underlying sentences and then entertaining post-trial motions, the imposition of sentence cured the defect of a premature motion for appeal. See **State v. Hunter**, 2013-1377 (La. App. 1st Cir. 11/21/13), 2013 WL 12120318 (unpublished). Therefore, I respectfully disagree with the necessity of adopting the harmless error analysis applied by the Fourth and Fifth Circuits, particularly where the trial court retained jurisdiction to sentence the defendant as a habitual offender. See La. Code Crim. P. art. 916(8). Finally, in imposing the habitual offender sentence, the trial court vacated the originally imposed sentences; therefore, I disagree with again vacating the original sentences.